# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

NDB Advisory, LLC,

                    Plaintiff,

                              Case No. 1:25-cv-496-MLB

v.

Ilumis, Inc.,

                    Defendant.

_____/

## OPINION & ORDER

Plaintiff NDB Advisory, LLC filed an application to vacate or modify an arbitration award.  (Dkt. 1.)  Defendant Ilumis, Inc. moves to dismiss, for sanctions, and to strike a sur-reply.  (Dkts. 5, 10, 14.)  The Court denies the motion for sanctions but grants the other two.

## I.   Background

Plaintiff NDB and Defendant Ilumis had a contract with an arbitration clause.  (Dkt. 1 ¶ 5.)  NDB filed a demand for arbitration.  (*Id.* ¶ 6.)  On June 27, 2024, an arbitrator entered an award resolving a dispute between the parties about various fees.  (*Id.* ¶ 6.)  Specifically, the arbitrator awarded NDB certain fees it sought but offset some of

those fees by amounts it determined Ilumis had overpaid on (allegedly) related invoices. (*Id.* at 53-54.) On September 20, 2024—85 days after the award—NDB filed an Application in state court to vacate or modify the award. (Dkt. 5-2.) NDB, however, did not serve Ilumis with its petition until September 30, 2024—95 days after the award. (Dkt. 5-3.)[1] NDB voluntarily dismissed its state court petition on November 25, 2024.

On February 4, 2025—222 days after obtaining the award—NDB filed this action to vacate or modify the award. (Dkt. 1.) Specifically, NDB says the arbitrator erred in awarding Ilumis the setoff overpayments because the counterclaim under which it did so was time-barred and involved Ilumis's work with an entity not included in the arbitration proceeding. (*Id.* ¶¶ 7-11.) It also says the arbitrator wrongfully awarded interest on the counterclaim, awarded attorneys'

---

[1] Ilumis attaches NDB's state court petition and an affidavit of service to its Motion to Dismiss. (Dkts. 5-2, 5-3.) The affidavit shows the date of service. Despite not being included in the complaint, the Court considers both documents under the incorporation-by-reference doctrine, because they are "(1) central to the plaintiff's claims; and (2) undisputed, meaning that [their] authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024).

fees in contravention of the contract, and improperly prohibited NDB from proceeding pro se. (*Id.* ¶¶ 11-13.)

Ilumis moved to dismiss. (Dkt. 5.) NDB filed a "Reply Brief re Motion to Dismiss" without leave of Court. (Dkt. 13.) Ilumis moved to strike that filing as an impermissible sur-reply. (Dkt. 14.) Ilumis also moved for sanctions. (Dkt. 10.)

## II.    Motion to Strike Sur-reply

NDB says the reply brief in question—which it filed in response to Ilumis's reply brief—is not a sur-reply but rather a "Supplemental Brief," which it says the Local Rules permit. (Dkt. 15 at 1.) Nomenclature does not matter.

The filing of sur-replies or "supplemental briefs" is not authorized under either the Local Rules of this court or the Federal Rules of Civil Procedure. *See Byrom v. Delta Fam. Care – Disability and Survivorship Plan*, 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004). "Although the Court may in its discretion permit the filing of a sur-reply, this discretion should be exercised in favor of allowing a sur-reply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Fredrick v. Mercedes-Benz USA,*

*LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005). NDB did not seek leave to file its reply and offers no justification for having done so other than to say it wants to "provid[e] additional authority [to] this Court in support of [its] position in this case." (Dkt. 15 at 2.) That's not a valid reason for a sur-reply. The Court strikes NDB's improper filing and does not consider it.

### III.   Motion to Dismiss

#### A.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows courts to dismiss a complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred." *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013).

**B. NDB's Application Is Time-Barred**

NDB filed its application to modify or vacate the award under Section 10 of the Federal Arbitration Act, 9 U.S.C. § 1, et seq (the "FAA").[2] (Dkt. 1 ¶ 3.) A party seeking to vacate, modify, or correct an arbitration award must serve that motion "upon the adverse party or his attorney *within three months* after the award is filed or delivered." 9 U.S.C. § 12 (emphasis added). In this sense, Section 12 operates as a statute of limitations period for suits seeking to challenge an award under the FAA. *See S. Commc'ns Servs., Inc. v. Thomas*, 829 F. Supp. 2d 1324, 1330 (N.D. Ga. 2011) ("Section 12 effectively creates a three-month statute of limitations for filing a motion to vacate [or modify] an arbitral award.")

The arbitrator issued the award on June 27, 2024, giving NDB until **September 27, 2024** to serve Ilumis with its application. Plaintiff filed

---

[2] Though NDB's application says it seeks to vacate or modify the award, 9 U.S.C. § 10 of the FAA only deals with vacatur. An application to modify an award should be brought under 9 U.S.C. § 11. Regardless, the requirements of 9 U.S.C. § 12 apply to both sections and NDB's oversight does not impact the Court's analysis.

this action on **February 4, 2025**, 222 days after issuance of the award. NDB thus did not serve Ilumis within the required time.

NDB explains that it filed its original application in state court within three months of the award and filed this action within six months of its voluntary dismissal of the state action. So it says Georgia's renewal statute, O.C.G.A. § 9-2-61, renders this action timely. (Dkt. 8.) That statute provides:

> (a) When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later…

O.C.G.A. § 9-2-61. Ilumis says the renewal statute does not apply and cannot extend the time for service under Section 12 of the FAA. The Court agrees with Ilumis.

No court in this circuit has specifically held Georgia's renewal statute ineffective in extending the FAA service deadline. The Eleventh Circuit, however, has consistently held the renewal statute cannot extend limitations periods expressly set by Congress. *See, e.g.*, *Phillips v. United States*, 260 F.3d 1316, 1319 (11th Cir. 2001) ("[We] hold

that O.C.G.A. § 9–2–61 is not applicable to extend the FTCA limitation period. … the incorporation of diverse state renewal provisions into [the FTCA] would undermine the uniform application of that [statute]"); *Edwards v. Solomon & Solomon, P.C.*, 829 F. App'x 425, 427 (11th Cir. 2020) ("Georgia's renewal statute does not apply to the FDCPA. Our case law is clear that, where Congress has set an express statute of limitations, state law cannot otherwise extend it."); *Miller v. Georgia*, 223 F. App'x 842, 845 (11th Cir. 2007) ("Title VII, the ADA, and the ADEA all contain specific statute of limitations periods that [plaintiff] failed to satisfy. Thus, the Georgia renewal statute does not save [plaintiff's] instant complaint as to her Title VII, ADA, and ADEA claims because it was filed beyond the 90–day statute of limitations.")  Put another way, "[w]here Congress has provided a federal statute of limitation for a federal claim ... [state] saving provisions [like O.C.G.A. § 9–2–61] are not applicable." *Sampson v. AT&T Corp.*, 11 F.Supp.2d 1380, 1382 (N.D. Ga. 1998).  The Court applies the same rule here—finding the Georgia statute ineffective in extending the FAA's requirement that a party serve any motion to modify or vacate an arbitration award within three months of the award.  Holding otherwise would lead to different periods of

limitation in FAA cases across the nation, a result not intended by Congress.

NDB's argument faces another problem: it did not serve its initial state court action within the three-month window required by the FAA. So there was no timely action to renew.  NDB filed its initial state application for vacatur 85 days after delivery of the award, making it timely under the Georgia Arbitration Code, O.C.G.A. § 9–9–1, et seq. (Dkt. 1 ¶ 6.)  Section 12 of the FAA, however, requires *service* of an application to vacate or modify within three months.  And NDB did not serve Ilumis with its state court application until 95 days after delivery of the award.  (Dkts. 5-1 at 7–8; 5-3 at 1–2.)

The FAA's limitations period, not the Georgia Arbitration Code's period, applies here.  The FAA applies to arbitration agreements unless there is clear and unambiguous contractual language to the contrary. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 59 (1995). Putting aside NDB's failure to argue the FAA does not apply, the arbitration agreement at issue does not evidence a clear intent to displace the FAA.  (Dkt. 1 at 22–23, 42.)  Although the arbitration provision states the parties' agreement should be "governed by and construed in

8

accordance with the laws of the State of Georgia," the Eleventh Circuit has found nearly identical language did "not evidence a clear intent by the parties that the Georgia Arbitration Code—as opposed to federal arbitral-award vacatur standards—control." *Gulfstream Aerospace Corp. v. Oceltip Aviation 1 Pty Ltd.*, 31 F.4th 1323, 1331 (11th Cir. 2022); *see also Ribadeneira v. New Balance Athletics, Inc.*, 65 F.4th 1, 14 (1st Cir. 2023) (holding nearly identical choice-of-law provisions "refer[ed] only to the law the arbitrator will apply when deciding matters in dispute … [and, thus,] the district court correctly applied the FAA's deadline" under Section 12).  The FAA governs the arbitration of the parties' agreement, and, in turn, the three-month-to-serve requirement of Section 12 applied at all times.  The upshot is—renewal provision or not—NDB never served a timely action to vacate or modify the award.

The Court dismisses NDB's application.

## IV.   Motion for Sanctions

Ilumis also moves for sanctions against NDB under Federal Rule of Civil Procedure 11, saying NDB filed its application notwithstanding Ilumis's "pre-suit warning" that the action was time-barred and because

NDB's "assertion that this action is timely is objectively frivolous." (Dkt. 10-1 at 4.)

Rule 11 permits courts to impose "appropriate sanctions" when a party submits a document to the court that "(1) has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith or for an improper purpose." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002); *see also* Fed. R. Civ. P. 11(b). The purpose of Rule 11 is "to deter baseless filings" in district court and to "help streamline the litigation process by lessening frivolous claims or defenses." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The Court must apply a two-step inquiry when determining whether Rule 11 sanctions are appropriate. The Court considers: (1) "whether the party's claim is objectively frivolous, in view of the law or facts" and (2) "whether the person signing the document should have been aware that it was frivolous." *In re Mroz*, 65 F.3d 1567, 1573 (11th Cir. 1995). "The objective standard for assessing conduct under Rule 11 is reasonableness under the circumstances and what it was reasonable to believe at the time the pleading was submitted." *Riccard*, 307 F.3d at 1294.

The Court finds NDB's claim—while perhaps weak—not legally frivolous.  The Court is unaware of any case from this circuit that had already addressed the interaction between the Georgia renewal statute and the FAA.  Although the Court believes prior cases inform its decision, the issue was not so clear that no reasonable attorney could find NDB had a non-frivolous argument to change or extend existing law.  Fed. R. Civ. P. 11(b).  The Court denies Ilumis's Motion for Sanctions (Dkt. 10).

## V.    Conclusion

The Court **GRANTS** Ilumis's Motion to Strike Reply Brief (Dkt. 14), **GRANTS** its Motion to Dismiss (Dkt. 5), and **DENIES** its Motion for Sanctions (Dkt. 10).

**SO ORDERED** this 23rd day of January, 2026.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE